UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00128-HBB

APRIL S.[1]  PLAINTIFF

VS.

LELAND DUDEK, ACTING COMMISSIONER
SOCIAL SECURITY  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Before the Court is the Complaint (DN 1) of April Stanton ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 14) have filed a Fact and Law Summary. Plaintiff then filed a reply (DN 15). For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered January 2, 2025 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II.     FINDINGS OF FACT

On March 18, 2022, Plaintiff filed an application for Supplemental Security Income on behalf of her minor child, Kayleeona S. (Tr. 74-78, 171-80). Kayleeona was born on June 27, 2014, and so was a minor on the date of her alleged disability onset (Tr. 17). Plaintiff alleged that Kayleeona became disabled on May 16, 2020, as a result of intellectual disability, educational delay, developmental delay, behavior issues, anger outburst, aggression and self-harming, unable to handle feelings, attention deficit hyperactivity disorder (ADHD), depression, interventive explosive disorder, anxiety and separation issues (Tr. 74). The application was initially denied on June 3, 2022, and upon reconsideration on January 10, 2023 (Tr. 74-86). On February 8, 2023, Plaintiff filed a written request for hearing (Tr. 103). Administrative Law Judge David Peeples ("ALJ") conducted a telephonic hearing on August 3, 2023 (Tr. 17). Plaintiff, Kayleeona, and her representative, Kevin Thomas, participated (*Id.*).

In a decision dated October 9, 2023, the ALJ evaluated this child disability claim pursuant to the three-step sequential evaluation process for promulgated by the Commissioner (Tr. 17-32). At the first step, the ALJ found Kayleeona has not engaged in substantial gainful activity since March 18, 2022, the application date (Tr. 18). At the second step, the ALJ determined that Kayleeona has the following severe impairments: intellectual disorder, ADHD, posttraumatic stress disorder (PTSD), and intermittent explosive disorder (IED) (*Id.*). The ALJ also determined that Kayleeona has the following non-severe impairments: aggression and self-harming, anxiety, depression, and separation issues (*Id.*). At the third step, the ALJ concluded that Kayleeona does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

The ALJ found that Kayleeona does not have an impairment or combination of impairments that functionally equals the severity of any listing (Tr. 20). The ALJ concluded that Kayleeona has not been disabled since March 18, 2022 (Tr. 32). Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 168-70). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III.     CONCLUSIONS OF LAW

#### A.     Standard of Review

Court review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.     The Commissioner's Sequential Evaluation Process

The Commissioner has promulgated regulations setting forth a three-step sequential evaluation process for evaluating a child's claim of disability. 20 C.F.R. § 416.924. In summary, the evaluation proceeds as follows:

> (1) Is the child engaged in substantial gainful activity?
>
> (2) Does the child have a severe impairment?
>
> (3) Does the child have an impairment that satisfies the duration requirement and meets, medically equals, or functionally equals the criteria of a listed impairment within Appendix I?

20 C.F.R. § 416.924(b)-(d).

To meet a listing within Appendix 1 the child claimant must demonstrate both the diagnostic and the severity or "B" criteria are satisfied. *Id.* at § 416.925(d). To medically equal a listing there must be medical findings supported by medically acceptable clinical and laboratory diagnostic techniques that demonstrate the impairment is at least equal in severity and duration to the listed finding. *Id.* at § 416.926(a) and (b). The ALJ will consider the medical opinions of the State agency medical advisors in deciding medical equivalence. *Id.* at § 416.926(c).

If the impairment does not meet or medically equal any listing in Appendix 1, the ALJ will determine whether it results in limitations severe enough to functionally equal the listings in Appendix 1. 20 C.F.R. § 416.926a(a). In making this determination, the ALJ will consider the degree of limitation caused by the impairment in six functioning domains. *Id.* at § 416.926a(b)(1). The six domains are (i) acquiring and using information; (ii) attending and completing tasks; (iii)

interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. *Id.* at § 416.926a(b)(1)(i)-(vi). If an impairment results in "marked" limitations in two of the six domains or results in an "extreme" limitation in one of the six domains, then it is severe enough to functionally equal the listings. *Id.* at § 416.926a(a). A marked limitation exists if the child's impairment(s) interferes "seriously" with the child's ability to independently initiate, sustain, or complete activities. *Id.* at § 416.926a(e)(2)(i). An extreme limitation exists when a child's impairment(s) interferes "very seriously" with the child's ability to independently initiate, sustain, or complete activities. *Id.* at § 416.926a(e)(3)(i).

### C. Domain of Acquiring and Using Information

*1. Arguments of the Parties*

Plaintiff contends that the ALJ's finding that Kayleeona has less than marked limitation in the functional domain of acquiring and using information is contrary to law and not supported by substantial evidence (DN 12 PageID # 535-46). Plaintiff avers that the record supports finding marked limitation, supported by the opinions of Dr. Gray and Ms. McLean, Kayleeona's first grade teacher (*Id.* at PageID # 540-41). Plaintiff believes that the ALJ improperly relied on Kayleeona's significant absences from school to not adopt the limitations opined by Dr. Gray and Ms. McLean (*Id.* at PageID # 542-44).

Defendant responds that the ALJ's determination is based on his reasonable interpretation of the evidence in the record (DN 14 PageID # 552-56). Defendant believes that school attendance is relevant evidence that can properly be considered by the ALJ, so the ALJ did not err in considering it in his determination (*Id.* at PageID # 556-58).

5

*2. Applicable Law*

>The domain of acquiring and using information involves the "the child's ability to learn information and to think about and use the information[,]" but the ["]domain considers more than just assessments of cognitive ability as measured by intelligence tests, academic achievement instruments, or grades in school." SSR 09-3p, 2009 SSR LEXIS 3, at *6, 2009 WL 396025, 203 (S.S.A.). An ALJs (*sic*) should consider whether the claimant has poor grades, inconsistent school performance, or special education services. 2009 SSR LEXIS 3, *9, [WL] at *3. The ALJ may also consider the claimant's school attendance. *See* 20 C.F.R. § 416.924a(b)(7)(iv-v) (describing special education, accommodations, attendance and participation considerations for children). For school-age children, examples of relevant criteria include the ability to learn reading, writing, and simple arithmetic; interest in new subjects and activities; demonstrating learning by "producing oral and written projects, solving arithmetic problems taking tests, doing group work, and entering into class discussions[;]" applying learning in daily activities (like reading street signs, telling the time, and making change); and using increasingly complex language. *See* SSR 09-3p, 2009 SSR LEXIS 3, at *16, 2009 WL 396025 at *5.

*Leflore v. Comm'r of Soc. Sec.*, No. 1:23-CV-01746, 2024 U.S. Dist. LEXIS 95725, at *18-19 (N.D. Ohio May 30, 2024).

*3. Discussion*

The ALJ found that in the domain of acquiring and using information Kayleeona had a less than marked limitation (Tr. 20-28). Had the ALJ found a marked limitation in this domain, then Kayleeona's impairments would have medically equaled the listings. *See* 20 C.F.R. § 416.926a(a). The ALJ considered objective medical evidence of record in his determination, as is required under SSR 09-2p and § 416.926a(a). Our review is limited to whether the ALJ's decision is supported by substantial evidence and applied correct legal standards. 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

The ALJ noted that during Kayleeona's second grade year, she was absent 19 days and tardy 13 days (Tr. 28). During Kayleeona's first grade year, her teacher Ms. McLean reported that

she only attended 10 days or less in-person (Tr. 25). After Kayleeona missed the first 38 days of the school year, she was moved to virtual instruction (*Id.*). When Kayleeona was due to return on March 14, 2022, for in-person instruction, Ms. McLean reported that she had only attended one day as of April 13, 2022 (*Id.*). The ALJ commented that there "appears to be a problem getting this claimant to school and getting her there in a timely manner." (Tr. 28). While Plaintiff believes otherwise, an ALJ may properly consider school attendance when determining a claimant's functioning limitations. *Leflore v. Comm'r of Soc. Sec.*, No. 1:23-CV-01746, 2024 U.S. Dist. LEXIS 95725, at *22 (N.D. Ohio May 30, 2024) ("It is also not coincidental that her failing grades would correspond to having 126 unexcused absences during her fourth-grade year."); *Feayanee D. v. Comm'r of Soc. Sec.*, No. 1:24-CV-143, 2025 U.S. Dist. LEXIS 26226, at *10 (S.D. Ohio Feb. 13, 2025) ("[T]he ALJ properly considered the objective evidence of record, including Plaintiff's grades, treatment history, medication compliance and absences from school."); *Talbert v. Comm'r of Soc. Sec.*, No. 1:15-CV-468, 2016 U.S. Dist. LEXIS 78001, at *16 (S.D. Ohio June 15, 2016) ("However, it is not clear from plaintiff's school records whether his average to poor grades were the result of an intellectual disability or, by his own admission, excessive absences from school.").

Plaintiff avers that Kayleeona's absenteeism is not "*entirely* relevant" because Kayleeona was homeschooled during this same period (DN 12 PageID # 543) or, alternatively it seems, that the absenteeism demonstrated "*worsened* mental health functioning" (*Id.*). Citing to a case from the Eleventh Circuit, Plaintiff contends that Kayleeona's absenteeism is "*not in any way related to acquiring and using information*" (*Id.* at PageID # 544) (citing *Olson v. Astrue*, 2008 U.S. Dist. LEXIS 106067, at *13-14 (M.D. Fla. Dec. 31, 2008)). Plaintiff next contends that there was

uncertainty as to whether Kayleeona was permitted to attend school due to behavioral problems, though the school marking her absent would logically conclude that she was expected to attend that day (*Id.* at PageID # 543). This argument conflicts with Plaintiff's earlier assertion that Kayleeona was being homeschooled and placed in virtual learning (*Id.* at PageID # 540, 543). All of Plaintiff's arguments fail to disturb precedent that an ALJ may consider absenteeism, in conjunction with other medical evidence of record, in determining limitation in the domain of acquiring and using information. *See Feayanee D.*, 2025 U.S. Dist. LEXIS 26226, at *10 (ALJ considered absenteeism in determination of limitations in acquiring and using information).

Plaintiff argues that because the ALJ found the opinions of Dr. Gray and Ms. McLean persuasive, the ALJ improperly discounted their opinions based on absenteeism alone (DN 12 PageID # 543). Ms. McLean is considered a nonmedical source. 20 C.F.R. § 416.924a(a)(2)(iii). ALJs must consider opinion evidence from nonmedical sources, but are not required to articulate how they considered the evidence under the factors. *Sanders v. Comm'r of Soc. Sec.*, No. 3:23-CV-00926, 2024 U.S. Dist. LEXIS 177198, at *35 (M.D. Tenn. Sep. 30, 2024) (citation omitted). Dr. Gray's opinion is a medical source, but the "ALJ need not incorporate every limitation from a medical source's recommendation, even if it finds that medical source to be persuasive." *Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 U.S. App. LEXIS 12174, at *7-8 (6th Cir. May 20, 2024). Thus, the ALJ did not commit error in declining to adopt all the limitations Dr. Gray opined.

The ALJ considered the intellectual functioning tests administered by Dr. Jeffrey Gray in March and November of 2022 (Tr. 28). The results of these tests show that Kayleeona has an IQ of 76 (March) and 71 (November) (*Id.*). These scores fall into the borderline range of general intellectual ability (Tr. 27). Dr. Gray opined that these scores were consistent despite discrepancies

in verbal and nonverbal functions (Tr. 28). The ALJ considered that Kayleeona was not enrolled in special education but had accommodations through an IEP (*Id.*). The ALJ also specifically noted comments from Ms. Shirley, Kayleeona's second grade teacher, who reported that Kayleeona made a lot of progress over the year, though she was still behind grade level (*Id.*). Kayleeona's teachers reported that Kayleeona "is not reading on a second grade level and is struggling to catch up with her peers; that the claimant has a hard time writing independently, coming up with sentences that tell her topic is particularly hard for her; and she had a hard time remembering the mathematical steps to follow to solve problems" (*Id.*). Finally, the ALJ considered that Kayleeona was absent 19 days and tardy an additional 13 days during her second grade year (*Id.*). While the Plaintiff argues that other evidence, Ms. McLean's and Dr. Gray's opinions, support marked limitations (DN 12 PageID # 543), it does not defeat that the ALJ's determination is supported by substantial evidence. "If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability." *Feayanee D.*, 2025 U.S. Dist. LEXIS 26226, at *4 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)).

The undersigned finds that the ALJ properly considered the objective evidence of the record, comporting with applicable law, and that his findings are supported by substantial evidence.

### D. Conclusion

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d

387, 390 (6th Cir. 2004) (cleaned up). Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

H. Brent Brennenstuhl
United States Magistrate Judge

April 15, 2025

Copies: Counsel